IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA LINDSAY, | : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action File No. 1:09-CV-1417-TCB-SSC |
| AMSOL, LLC, | : : | |
| Defendant. | : | |

## **ORDER**

This case is before the court on Defendant's Motion to Strike [Doc. 5], seeking to strike certain paragraphs from Plaintiff's complaint. Plaintiff filed a complaint on May 27, 2009 [Doc. 1] in which she asserts that Defendant retaliated against her for opposing an unlawful employment practice in violation of the Uniformed Services Employment Rights and Reinstatement Act, 38 U.S.C. §§ 4301 *et seq.* ("USERRA") (Count I); retaliated against her for participating in a USERRA proceeding (Count II); and discriminated against her because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (Count III). Plaintiff also asserted a state law claim for intentional infliction of emotional distress (Count IV).

Defendant then filed a motion to strike pursuant to Fed. R. Civ. P. 12(f), seeking to strike paragraphs 19, 21 and 25 of Plaintiff's complaint on the ground that those paragraphs contain privileged communications between Plaintiff, a former management employee for Defendant, and an attorney who represented

1

Defendant in another lawsuit against Defendant. (Doc. 5, pp. 2-3). Defendant contends that those paragraphs should be stricken because they reveal communications protected from disclosure by attorney-client privilege, a privilege that, Defendant asserts, it has not waived. (Id. at 2).

Plaintiff filed a response in opposition to Defendant's motion [Doc. 7] in which she argues that "Rule 12(f) is not the proper procedural rule for the Court to adjudicate a claim of attorney-client privilege." (Doc. 7, p. 6). The court agrees.

Rule 12(f) provides, in relevant part, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The paragraphs that Defendant contends should be stricken do not appear to be "redundant, immaterial, impertinent, or scandalous . . . ." Rather, they appear to be relevant to Plaintiff's USERRA claims. Moreover, Defendant has made no showing, other than the assertions in its motion, that the communications described in paragraphs 19, 21 and 25 are protected by attorney-client privilege or that any such privilege has not been waived, and the facts necessary to make those determinations do not appear on the face of the complaint.[1] Those are determinations to be made during the course of this litigation, through the discovery process, and if Defendant can establish that the

---

[1] "The party asserting the attorney-client privilege bears the burden of demonstrating that the privilege applies." Mohawk Indus. v. Interface, Inc., No. 4:07-CV-0212-HLM, 2008 U.S. Dist. LEXIS 104317, at *19 (N.D. Ga. Sept. 29, 2008) (citing Abdallah v. Coca-Cola Co., No. Civ. A. 1:98-CV-3679-RWS, 2000 U.S. Dist. LEXIS 21025, at * 10 (N.D. Ga. Jan. 25, 2000)). " 'This burden can be met only by an evidentiary showing based on competent evidence and not be discharged by mere conclusory or *ipse dixit* assertions.' " Abdallah, 2000 U.S. Dist. LEXIS 21025, at *10 (quoting Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 470 (S.D. N.Y. 1993)).

communications at issue are protected by attorney-client privilege that has not been waived, Defendant may move the court for relief at that time. See, e.g., MCC Mgmt. of Naples, Inc. v. Arnold & Porter, LLP, No. 2:07-cv-387-FtM-29SPC, 2008 U.S. Dist. LEXIS 106444, at * 5 (M.D. Fla. Oct. 20, 2008) ("Defendants seek to suppress information that they assert was obtained in violation of the attorney-client privilege.  The courts do not, however, typically go behind the face of a complaint to decide the admissibility of evidence supporting the allegations."); cf., Kerasotes v. George G. Kerasotes Corp., No. 05-CV-3215, 2005 U.S. Dist. LEXIS 30431, at *4 (C.D. Ill. Nov. 23, 2005) (denying Rule 12(f) motion to strike where it appeared that attorney-client privilege had been waived but stating "[s]hould Michael Kerasotes develop additional evidence to show that the privilege was not waived, he may renew his Motion.").

Accordingly, Defendant's Motion to Strike [Doc. 5] is **DENIED**.  Defendant is **DIRECTED** to file its answer **no later than ten (10) days from the date of entry of this Order**.

**IT IS SO ORDERED** this 11th day of September, 2009.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge