UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA LINDSAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1:09-cv-1417-TCB-SSC |
| AMSOL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER OF DEFENDANT AMSOL, LLC

Defendant AmSol, LLC ("AmSol"), by and through the undersigned counsel, answers the Complaint of Donna Lindsay ("Plaintiff") as follows:

### I. Parties and Jurisdiction

1.

AmSol is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore denies same.

2.

AmSol admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3.

AmSol admits it is a for-profit corporation engaged in the business of managing physician practices and providing support services to anesthesiology

groups and hospitals. AmSol denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4.

AmSol admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

AmSol admits Mr. Kerry Teel was its Chief Executive Officer during Plaintiff's employment. AmSol admits the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6.

AmSol acknowledges Plaintiff purports to bring this action pursuant to the Uniformed Services Employment Rights and Reinstatement Act ("USERRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and applicable state law. To the extent, however, the allegations in Paragraph 6 of Plaintiff's Complaint imply Plaintiff is entitled to any remedy or relief in this action, such implication is denied.

7.

AmSol acknowledges Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1367. To the extent, however, the allegations in

Paragraph 7 of Plaintiff's Complaint imply Plaintiff is entitled to any remedy or relief in this action, such implication is denied.

8.

AmSol acknowledges venue is proper in this Court. To the extent, however, the allegations in Paragraph 8 of Plaintiff's Complaint imply Plaintiff is entitled to any remedy or relief in this action, such implication denied.

**Statement of Facts**

9.

AmSol admits it employed Plaintiff as a Regional Vice President. AmSol denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10.

AmSol admits only that all of Plaintiff's direct supervisors were male. AmSol denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.

AmSol admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

AmSol admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

AmSol admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

AmSol denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

AmSol is without knowledge sufficient to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore denies same.

16.

AmSol denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

AmSol admits it accepted applications from and interviewed other candidates and that the position was ultimately offered to a candidate other than Dr. Roan. AmSol also admits Plaintiff, at one point, recommended the hiring of Dr. Roan. AmSol denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18.

AmSol admits the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

AmSol acknowledges Plaintiff spoke to Gaile Gratton, Esq., counsel for AmSol, on or around February 14, 2008. AmSol objects to the remaining

allegations in Paragraph 19 of Plaintiff's Complaint to the extent the conversations between Plaintiff and Ms. Gratton are protected by the attorney-client privilege.

20.

AmSol acknowledges Plaintiff met with Ms. Gratton during March and April 2008. AmSol denies the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

21.

AmSol acknowledges Plaintiff met with Ms. Gratton during May and June 2008. AmSol objects to the remaining allegations of Paragraph 21 of Plaintiff's Complaint to the extent the conversations between Plaintiff and Ms. Gratton are protected by the attorney-client privilege.

22.

AmSol is without knowledge sufficient to admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies same.

23.

AmSol admits Plaintiff contacted Amy Villanueva, Human Resources Director, and expressed her concerns about Dr. Roan's case and that she felt she was being pressured to cover up the truth. AmSol denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24.

AmSol is without knowledge sufficient to admit or deny Plaintiff's statements to Ms. Villanueva, and therefore denies same. AmSol admits Ms. Villanueva encouraged Plaintiff to be truthful. AmSol denies any remaining allegations in Paragraph 24 of Plaintiff's Complaint.

25.

AmSol acknowledges Plaintiff contacted Ms. Gratton on or around June 16, 2008. AmSol objects to the remaining allegations of Paragraph 25 of Plaintiff's Complaint to the extent the conversations between Plaintiff and Ms. Gratton are protected by the attorney-client privilege.

26.

AmSol admits Plaintiff spoke with Dr. Cottrell following her conversation with Ms. Gratton on or around June 16, 2008. AmSol denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27.

AmSol admits that on July 7, 2008, Plaintiff was informed her position was being eliminated and that she would be terminated.

28.

AmSol denies that Mr. Teel stopped returning Plaintiff's telephone calls. AmSol is without knowledge sufficient to admit or deny the allegations concerning Plaintiff's state of mind, and therefore denies same.

29.

AmSol admits only that following the notice of her termination, Plaintiff had a telephone conversation with Ms. Villanueva and she sent two letters to Mr. Teel. AmSol admits that in one of her letters, Plaintiff expressed her belief that she had been terminated in violation of USERRA. AmSol denies the remaining allegations in Paragraph 29 of Plaintiff's Complaint.

30.

AmSol denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

AmSol denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.

AmSol admits Plaintiff had never been a party to any discussion regarding restructuring of the business prior to her termination. AmSol denies Plaintiff had access to all financial information, revenue projections, and business plans for the Company. AmSol is without knowledge sufficient to admit or deny the truth of the

remaining allegations in Paragraph 32 of Plaintiff's Complaint and therefore denies same.

33.

AmSol admits Plaintiff never received a formal written performance review that was negative. AmSol admits the remaining allegations in Paragraph 33 of Plaintiff's Complaint.

34.

AmSol denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.

AmSol denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.

AmSol denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.

AmSol denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.

AmSol denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

AmSol denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

AmSol denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.

AmSol is without knowledge sufficient to admit or deny what Plaintiff witnessed. AmSol admits Ms. Villanueva heard Mr. Teel comment on the acumen of women. AmSol denies the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.

AmSol is without knowledge sufficient to admit or deny what Plaintiff witnessed. AmSol denies the remaining allegations in Paragraph 42 of Plaintiff's Complaint.

43.

AmSol admits Plaintiff advised Ms. Villanueva and Mr. Teel via letter of her belief that her termination violated USERRA. AmSol denies the remaining allegations in Paragraph 43 of Plaintiff's Complaint.

44.

AmSol denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.

Paragraph 45 of Plaintiff's Complaint calls for a legal conclusion, requiring neither admission nor denial. To the extent, however, a response is required, said allegations stand denied.

46.

AmSol denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.

AmSol admits Plaintiff filed a charge of discrimination with the EEOC and that the EEOC charge number is 410-2009-00886. AmSol is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 47 of Plaintiff's Complaint and therefore denies same.

48.

AmSol is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 48 of Plaintiff's Complaint and therefore denies same.

**Count I Alleged Retaliation For Opposing an Unlawful Employment Practice**

49.

AmSol incorporates Paragraph Nos. 1 through 48 of its Answer.

50.

AmSol denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.

AmSol denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.

AmSol denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.

AmSol denies the allegations in Paragraph 53 of Plaintiff's Complaint.

**Count II Alleged Retaliation for Participation in a USERRA Proceeding**

54.

AmSol incorporates Paragraph Nos. 1 through 53 of its Answer.

55.

AmSol denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.

AmSol denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.

AmSol denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.

AmSol denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.

AmSol denies the allegations in Paragraph 69 of Plaintiff's Complaint.

**Count III Discrimination in Violation of Title VII of the Civil Rights Act**

60.

AmSol incorporates Paragraph Nos. 1 through 59 of its Answer.

61.

AmSol denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.

AmSol denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.

AmSol denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.

AmSol denies the allegations in Paragraph 64 of Plaintiff's Complaint.

**Count IV Intentional Infliction of Emotional Distress**

65.

AmSol incorporates Paragraph Nos. 1 through 64 of its Answer.

66.

AmSol denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.

AmSol denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.

AmSol denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.

AmSol denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.

AmSol denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71.

Plaintiff's prayer for relief requires neither admission nor denial.  To the extent, however, the prayer for relief implies that such relief is proper or that Plaintiff is entitled to any remedy or relief in this action, such implication is denied.

**Demand for Jury Trial**

72.

AmSol acknowledges Plaintiff has demanded a trial by jury of all issues so triable.  In so doing, AmSol does not admit Plaintiff has pled any claims warranting a jury trial.

73.

AmSol denies each and every allegation not expressly admitted herein, and specifically denies Plaintiff is entitled to recovery on any of the claims in the

Complaint, including intentional infliction of emotional distress and alleged violations of USERRA and Title VII.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the aforementioned denials, AmSol asserts the following affirmative and other defenses.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, because Plaintiff fails to state a claim under either federal or state law upon which relief can be granted.

## SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, because Plaintiff was at all relevant times employed on an at-will basis.

## THIRD DEFENSE

The Complaint should be dismissed, in whole or in part, because AmSol acted reasonably and in good faith, without malice or ill toward Plaintiff, at all relevant times, based on all relevant facts and circumstances known to AmSol at the time it so acted.

## FOURTH DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

The Complaint is barred, in whole or in part, because any action taken by AmSol regarding Plaintiff was based on reasonable factors other than sex.

## SEVENTH DEFENSE

The Complaint is barred, in whole or in part, because any action taken by AmSol regarding Plaintiff was based on reasonable factors unrelated to her alleged opposition to AmSol's hiring practices.

## EIGHTH DEFENSE

The Complaint is barred, in whole or in part, because any action taken by AmSol regarding Plaintiff was based on reasonable factors unrelated to her alleged participation in a USERRA proceeding.

**NINTH DEFENSE**

The Complaint is barred, in whole or in part, because any action taken by AmSol regarding Plaintiff was taken for legitimate, non-discriminatory and non-retaliatory reasons and was not a pretext for unlawful discrimination or retaliation.

**TENTH DEFENSE**

The Complaint is barred, in whole or in part, because even if any adverse employment decisions by AmSol regarding Plaintiff were motivated by her sex, her alleged opposition to AmSol's hiring practices, or her alleged participation in a USERRA proceeding – which they were not – AmSol would have made the same decisions as to Plaintiff in the absence of these factors.

**ELEVENTH DEFENSE**

The Complaint is barred, in whole or in part, because neither AmSol nor any of its agents' behavior was extreme or outrageous.

**TWELFTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent Plaintiff did not suffer severe emotional distress.

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff has failed to exhaust her administrative remedies and/or comply with the jurisdictional prerequisites to filing suit.

## FOURTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of estoppel or waiver.

## FIFTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

## SIXTEENTH DEFENSE

AmSol reserves the right to add any affirmative or other defenses or counterclaims which may become known during discovery.

Wherefore, having fully answered the Complaint, AmSol requests that the Complaint be dismissed, and that AmSol be awarded its attorneys' fees herein, and other such general and equitable relief as this Court deems just and appropriate.

[*Signature line follows*]

Respectfully submitted this 25th day of September, 2009.

          By:    /s/Melanie S. Lastrapes
                  Jeffrey A. Schwartz
                  Georgia Bar No. 558465
                  Melanie S. Lastrapes
                  Georgia Bar No. 137100

                  JACKSON LEWIS LLP
                  1155 Peachtree Street, NE,
                  Suite 1000
                  Atlanta, Georgia 30309-3600
                  Telephone (404) 525-8200
                  Facsimile (404) 525-1173
                  jschwartz@jacksonlewis.com
                  lastrapm@jacksonlewis.com

                  COUNSEL FOR DEFENDANT
                  AMSOL, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA LINDSAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1:09-cv-1417-TCB-SSC |
| AMSOL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2009, I electronically filed the foregoing **ANSWER OF DEFENDANT AMSOL, LLC** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>Randall D. Grayson
>Anderson Dailey LLP
>2002 Summit Blvd., Suite 1250
>Atlanta, GA  30319

>/s/Melanie S. Lastrapes
>Melanie S. Lastrapes
>Georgia Bar No. 137100